


ORIGINAL

FEB 04 2008

JAMES N. HATTEN, CLERK

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANIELLE BORTON, | : |
| Plaintiff, | : |
| | : CIVIL ACTION FILE |
| v. | : NO. 1 08-CV-0388 |
| PROCOLLECT, INC., | : |
| a Texas Corporation, | : |
| | : -CAM |
| Defendant. | : |

# COMPLAINT FOR DAMAGES

## INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and supplemental state law claims.

## SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. section 1692k(d) and 28 U.S.C. section 1337 (federal question jurisdiction).

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. section 1367 to hear and decide any related State law issues.

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff DANIELLE BORTON is a resident of this State, District and Division who is authorized by law to bring this action.

5. Defendant PROCOLLECT, INC. is a corporation organized under the laws of the State of Texas. [Hereinafter said Defendant is referred to as "PROCOLLECT"]

6. PROCOLLECT is subject to the jurisdiction and venue of this Court.

7. PROCOLLECT may be served by personal service upon its registered agent in the State of Texas, to wit: Gary Lee Hach, 312 W. Northwest Highway, Suite B, Grapevine, Texas 76051, or wherever said agent may be found.

8. Alternatively, Defendant may be served by personal service upon an authorized agent or officer at its principle place of business, to wit: 12170 N. Abrams Rd., Suite 100, Dallas, Texas 75243.

9. Alternatively, Defendant may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and the laws of the States of Texas or Georgia.

10. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS COMMON TO ALL CAUSES

11. Defendant uses telephone communications in its business.

12. Defendant uses the mails in its business.

13. The principal purpose of Defendant's business is the collection of debts.

14. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due to another.

15. Defendant is a debt collector subject to the provisions of the Federal Fair Debt Collection Practices Act.

16. Defendant is a debt collector subject to the provisions of the Texas Finance Code.

17. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, PROCOLLECT communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

18. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, PROCOLLECT communicated with Plaintiff in a manner which violated the Texas Finance Code.

19. For approximately the four calendar months from October, 2007 to January, 2008, Defendant has attempted on numerous occasions to contact Plaintiff by telephone.

20. During at least one conversation, the plaintiff advised defendant that she disputed the debt.

21. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, PROCOLLECT communicated inaccurate information on Plaintiff's Equifax credit report.

22. PROCOLLECT specifically failed to communicate to Equifax that the disputed debt was disputed.

23. During the four month period, Defendant left a series of voice message on Plaintiff's answering machine.

24. Defendant, by and through its collection agent employees, has failed to make the necessary disclosures as required by law.

25. In all of the phone message, the caller did not state that the communication was from a debt collector.

26. In several of the communications, the caller did not identify the company that they were calling from.

27. Defendant's actions and communications violate the federal Fair Debt Collection Practices Act.

28. Defendant's actions and communications violate the Texas Finance Code.

29. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

30. The acts of the defendant constitute violations of the Fair Debt Collection Practices Act.

31. Defendant's violations of the FDCPA include, but are not limited to, the following:

32. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

33. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. section 1692e;

34. Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, in violation of 15 U.S.C. § 1692e(8); and

35. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11);

36. As a result of the defendant's actions, the plaintiff is entitled to an award of statutory and actual damages, as well as an award of costs and attorney fees.

## COUNT TWO: TEXAS FINANCE CODE

37. Defendant's violations of the Texas Finance Code include, but are not limited to, the following:

38. Failing to state in the recorded telephone messages that each of the communications was an attempt to collect a debt and that any information obtained would be used for that purpose in violation of Texas Finance Code, § 392.304(5)(A);

39. Failing to state in the recorded telephone messages that the communication was from a debt collector, in violation of Texas Finance Code, § 392.304(5)(B); and

40. Using any false representation or deceptive means to collect a debt, in violation of the Texas Finance Code, § 392.304(19).

...

...

41. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory and actual damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully Submitted,

THE LAW OFFICE OF JAMES M. FEAGLE, P.C.

by: _____
James M. Feagle
Attorney for Plaintiff
Georgia Bar No. 256916

108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
jimfeagle@aol.com